The Honorable Don Sallee State Senator, First District State Capitol, Room 255-E Topeka, Kansas 66612
Dear Senator Sallee:
You request our opinion regarding whether a particular coupon arrangement would be excepted from the prohibitions of the Kansas trading stamp act. You explain that the arrangement would consist of local retailers in the Atchison area providing a card to customers making purchases at those stores. "Depending upon the dollar amount of the purchases, the customers would receive a requisite number of points applied to their card, which could then be applied to the purchase of items within that or other participating stores." You also inquire whether charging a nominal fee for the cards or requiring a purchase to receive a card or points would have any effect on whether the arrangement would be legal under the trading stamp act.
The trading stamp act generally prohibits furnishing, upon purchase of merchandise, any coupon or similar device redeemable in cash, merchandise or other thing of value. K.S.A. 21-2801; 21-2802. There are several exceptions to this rule, however. The one pertinent exception is found at K.S.A. 21-2803(b):
 "This act shall not apply to any coupon, ticket, certificate, card or other similar device which is issued, distributed, furnished or redeemed:
 "(b) By a retailer, when such coupon, ticket, certificate, card or other similar device is redeemable by the retailer, with or without accompanying cash, for any product which the retailer normally sells in its usual course of business."
In Attorney General Opinion No. 89-27 it was concluded that a cross-store coupon arrangement similar to that at issue here was not violative of the trading stamp act because in every case a retailer would be redeeming the coupons for products sold in the usual course of that retailer's business. K.S.A. 21-2801 and 21-2802 are criminal statutes (see K.S.A.21-2804) that must be strictly construed against the state. See State v.Pepsi-Cola General Bottlers, Inc., 232 Kan. 843, 847 (1983); State v.American Savings Stamp Co., 194 Kan. 297, 300 (1965). We therefore must concur with the conclusion reached in Attorney General Opinion No. 89-27 that an arrangement such as you describe, where participating retailers redeem the points on the card for products sold in their usual course of business, is not in violation of the trading stamp act. See also
Attorney General Opinion No. 81-172.
Because this arrangement would be excepted from the prohibitions of the trading stamp act, it is of no consequence whether the cards are offered at a nominal charge or the customer is required to purchase something to be entitled to a card or receipt of points. Retailers should be cognizant, however, of K.S.A. 21-4302 et seq. wherein an illegal lottery is defined as any enterprise involving the three elements of consideration, chance and prize. One of these three elements must be eliminated to avoid participation in such a lottery. If the points are distributed according to the dollar amount of purchases, the element of chance would appear to be missing.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm